1

2

3

4

5

6

The Honorable Richard A. Jones

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ROYAL J. O'BRIEN,

NO. 2:19-cv-01625-RAJ

10

Plaintiff,

**PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)**

11

v.

12

MICROSOFT CORPORATION,

**NOTED ON MOTION CALENDAR: December 6, 2019**

13

Defendant.

14

**ORAL ARGUMENT REQUESTED**

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF ISSUE TO BE DECIDED ........................................... 2

III. FACTUAL BACKGROUND ................................................................... 2

    A.   Content of O'Brien's Complaint for Patent Infringement. ................................ 4

IV.  DISCUSSION ............................................................................................ 9

    A.   O'Brien's Direct Infringement Allegations Go Beyond the Requirements of
         Controlling Federal Circuit Authority. ........................................................ 9

    B.   O'Brien has Agreed with Microsoft to Withdraw his Intentional Infringement
         Claim Without Prejudice. ....................................................................... 16

V.   ALTERNATIVE MOTION .................................................................... 16

VI.  EVIDENCE RELIED UPON .................................................................. 17

VII. CONCLUSION ......................................................................................... 17

TABLE OF CONTENTS - i

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................. 9, 10, 13

*Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*,
No. 15-CV-04525-EMC, 2016 WL 1623920 (N.D. Cal. Apr. 25, 2016)...........................12

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir.1990)............................................................................................16

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007).................................................................................................9, 10, 13

*Conley v. Gibson*,
355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ..............................................................16

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)..............................................................................passim

*Fields v. Dep't of Pub. Safety*,
911 F. Supp. 2d 373 (M.D. La. 2012) (Jackson, J.)...........................................................9

*Gonzales v. Kay*,
577 F.3d 600 (5th Cir. 2009)........................................................................................9, 10

*Hologram USA, Inc. v. Pulse Evolution Corp.*,
No. 14-cv-0772-GMN-NJK, 2016 WL 199417 (D. Nev. Jan. 15, 2016)...........................12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..................................................................................11, 13

*InCom Corp. v. Walt Disney Co.*,
2016 U.S. Dist. LEXIS 71319 (C.D. Cal. Feb. 4, 2016).................................................12

*InsideSales.com, Inc. v. SalesLoft, Inc.*,
No. 2:16CV859DAK, 2017 WL 2559932 (D. Utah June 13, 2017) ..................................12

*Keniston v. Roberts*,
717 F.2d 1295 (9th Cir.1983)........................................................................................16

TABLE OF AUTHROITIES- ii

(2:19-cv-01625-RAJ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ..................................................................13

*McZeal v. Sprint Nextel Corp.*,
  501 F. 3d 1354 ...............................................................................................13

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir.2009) ........................................................................16

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
  203 F.3d 790 (Fed.Cir.2000) ........................................................................13

*Telebrands Corp. v. Ragner Tech Corp*,
  2016 U.S. Dist. LEXIS 114436 (D.N.J. Aug. 25, 2016) ...............................12

*Windy City Innovations, LLC v. Microsoft Corp.*,
  193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016) ..............................................11

*XpertUniverse, Inc. v. Cisco Systems, Inc.*,
  Case No. 17-cv-03848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) ..............9, 11, 12

**FEDERAL STATUTES**

35 U.S.C. § 112 ....................................................................................................3

35 U.S.C. § 271 ....................................................................................................5

35 U.S.C. § 284 ..................................................................................................15

**RULES**

Federal Rule of Civil Procedure 8........................................................2, 8, 9, 12

Federal Rule of Civil Procedure 12..............................................................passim

Federal Rule of Civil Procedure 84............................................................12

Federal Rule of Civil Procedure 120 ...................................................3, 5, 8

**OTHER AUTHORITIES**

CLDFLT.SYS (https://docs.microsoft.com/en-us/windows-
  hardware/drivers/ifs/allocated-altitudes)....................................................14

https://docs.microsoft.com/en-us/windows-hardware/drivers/ifs/allocated-
  altitudes ........................................................................................................8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

https://docs.microsoft.com/en-us/windows/win32/cfapi/cloud-filter-reference ..........................4

https://docs.microsoft.com/en-us/windowshardware/drivers/ifs/installing-a-minifilter-driver ....................................................................................................15

https://docs.microsoft.com/en-us/windowshardware/drivers/install/components-of-a-driver-package.....................................................................................4

https://www.britannica.com/topic/Microsoft-Corporation .......................................................5

TABLE OF AUTHROITIES- iv

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## I.  INTRODUCTION

Plaintiff Royal O'Brien ("O'Brien"), in his Complaint for patent infringement, has provided more than sufficient notice about how Microsoft infringes the asserted claims. O'Brien's claims identify with specificity the accused product (CldFlt.sys and attendant software), and describe how each limitation from at least one claim of the asserted patents is satisfied.  Microsoft contends this is not enough. According to Microsoft, O'Brien needed to provide not a plausible allegation of infringement but actual infringement contentions--complete with pictures and claim charts--to avoid a 12(b)(6) Motion to Dismiss. Microsoft is wrong.

The technology at issue here--microfilters--is not ineffably complex, but it does have its own language or jargon which within its own domain is very precise. O'Brien's identification of a particular minifilter to which Microsoft has assigned an altitude is a very pointed and narrow accusation[1]. Not satisfied with this very precise accusation, Microsoft, instead, asserts a need for a claim chart including a description of where the limitations can be found in the accused product, yet such a description is more than is required under controlling Federal Circuit law.

The Federal Circuit, the circuit responsible for a uniform body of patent law, has heard and pronounced on the issue of *Iqbal/Twombly* in the context of patent infringement. Had Microsoft cited that law--it did not--Microsoft would have seen that its Motion could not be supported. So, while controlling Federal Circuit authority requires only that the complaint give "the defendant fair notice of what the ... claim is and the ground upon which it rests,"[2] O'Brien did much more than that, identifying the specific accused portion of the larger Windows®

---

[1] A file system minifilter driver developed to the Filter Manager model must have a unique identifier called an altitude that defines its position relative to other minifilters present in the file system stack. Minifilter altitudes are allocated by Microsoft based on minifilter requirements and load order groupa.

[2] *Disc Disease Solutions Inc. v. VGH Solutions, Inc.,* 888 F.3d 1256, 1260 (Fed. Cir. 2018) (hereinafter, "*VGH*") (*quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)).

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 1

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

operating system and walking through the functionality of the accused minifilter and showing where the limitations are met. Simply put, what Microsoft wants--detailed infringement contentions--is just not required at the pleadings stage, and so, Microsoft's motion fails.

## II. STATEMENT OF ISSUE TO BE DECIDED

Controlling Federal Circuit authority requires only that a patent infringement claim give the accused infringer fair notice of what the claim is and the ground upon which it rests. The parties agree that O'Brien's Complaint identifies Microsoft's specific accused product CLDFLT.SYS, and explains how the accused minidriver interacts, infringingly, with the Windows® operating system. The question to be decided is whether O'Brien's accusation of CLDFLT.SYS is expressed with the level of specificity necessary to meet the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8.

## III. FACTUAL BACKGROUND

On October 10, 2019, O'Brien filed a Complaint for infringement of his patent, U.S. Patent 8,380,808 ("the '808 patent") in the United States District Court for the Western District of Washington. In response, Microsoft has filed a 12(b)(6) motion fashioned as an *Iqbal/Twombly* motion for failing to state plausible facts that show O'Brien has a claim against Microsoft.

It is not that O'Brien has not alleged infringement in the Complaint. In fact, the Parties agree that O'Brien's Complaint identifies the patent, the independent claims, and the accused instrumentality ("CLDFLT.SYS and its attendant technology").[3] Importantly, O'Brien does not accuse the whole of the operating system as the Motion seems to assert[4] but, rather, O'Brien

---

[3] Dkt. 8, Motion, page 5, lines 5-8.
[4] "Notably, the functionality provided by the Windows 10 product is nearly endless. As a result, Microsoft cannot ascertain from the Complaint what lines O'Brien is drawing in his allegations as between the CLDFLT.SYS minifilter and "attendant" software or technology, and the myriad other features of Windows 10." Dkt. 8, page 6, lines 20-23.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 2

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

accuses a very specific function within the system. Those familiar with the Windows® Operating System are aware that "[t]he CLDFLT.SYS mini filter interacts with a Microsoft-provided dynamic link library, CLDAPI.DLL, which includes a collection of subroutines distributed with Windows 10.[5] When CLDFLT.SYS interacts with the operating system, CLDAPI.DLL is loaded into memory in user mode and communicates with the mini filter CLDFLT.SYS either by a global filter message port or by a file system control, FSCTL_HSM_CONTROL, to invoke the same sort of partial selective transfer of data in response to input or output commands."[6] While Microsoft recognizes the accusation of CLDFLT.SYS, it simultaneously asserts that what the Complaint contains is not a sufficiently plausible identification of infringement by a specific part of the Windows® Operating System.

Microsoft asserts that the Complaint lacks sufficient factual allegations to prepare a defense. In the instant Motion, Microsoft asserts that O'Brien has failed to link each limitation of each claim to specific actions by the accused minifilter.[7] What Microsoft is requiring here is a "A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function."[8] This is commonly known as a claim chart and, in the Western District, draws its name from Local Patent Rule 120(c). Microsoft asserts, and does so without controlling authority, that because "the allegations in these paragraphs are largely divorced from any particular claim limitation"[9], Microsoft does not have notice of what is being accused.

---

[5] Dkt. _____, Declaration of Anthony Mason, ¶ 7.
[6] Dkt. 1, Complaint, ¶ 18.
[7] Dkt. 8, Motion, page 2, lines 17-23.
[8] Local Patent Rule 120(c), Western District of Washington.
[9] Dkt. 8, Motion, page 4, lines 15-16.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 3
(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Those with ordinary skill in the art, in this case, ordinary skill in Windows®, understand O'Brien accuses the "multiple clearly identifiable components in the current version of Windows 10 [which] utilize the "Cloud Filtering API", [] the mechanism that Microsoft has documented for using the functionality of 'CLDFLT.SYS'."[10] Microsoft is aware that the accused instrumentality "is a file system mini-filter driver that Microsoft has added to Windows to enable sparse storage of files.[11] Specifically, when associated with a "cloud storage service" such as Microsoft's OneDrive product offering, CLDFLT.SYS permits storage of a "stub" file that contains sufficient information for the contents of the file to be retrieved from a remote storage location as needed."[12] The Complaint unambiguously accuses the "CLDFLT.SYS" as practicing the patent."[13]

A.    Content of O'Brien's Complaint for Patent Infringement.

The '808 patent is titled "Dynamic Medium Content Streaming"[14], and issued in 2013. As the Background of the Invention section to the '808 patent states, "The on-demand requester object includes a minifilter associated with a filter manager in an I/O stack. The minifilter receives each I/O request from the application, references a table that includes at least one address where each data pack required to fulfill each I/O request is located, and determines if the data pack has been streamed to the system. The table may also include a size indicator for each data pack."[15]

CLDFLT.SYS is a Microsoft product and was first included in the 1709 release of Windows 10[16]; there is little question that O'Brien sufficiently alleges Microsoft as a direct

---

[10] Dkt. _____, Declaration of Anthony Mason, ¶ 5.b.
[11] https://docs.microsoft.com/en-us/windowshardware/drivers/install/components-of-a-driver-package.
[12] Id., ¶ 11.
[13] Id., ¶ 26.
[14] Dkt. 1-1, Ex. 1, USP 8,380,808.
[15] Id., Col. 2, Lines 46-56.
[16] Dkt. _____, Declaration of Anthony Mason, ¶ 12; https://docs.microsoft.com/en-us/windows/win32/cfapi/cloud-filter-reference.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 4

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

infringer.[17] Thus, the first element, i.e. the plausible accusation of Microsoft as an infringer as that term is defined under the "makes, uses, offers to sell, or sells any patented invention"[18] mantra has been fulfilled.

O'Brien's Complaint explicitly alleges that CLDFLT.SYS infringes Claims 1 and 14 of USP 8,380,808.[19] It is hard to imagine that the language of the Complaint would be meaningless to the leading developer of personal-computer software systems and applications.[20] While not conceding that a full claim chart, as is properly required by Local Rule 120(c) (to be produced "[w]ithin 15 days of the Scheduling Conference or, if there is no Scheduling Conference, entry of the case schedule"[21]) needs now to be disclosed, O'Brien supplies the following chart to demonstrate that even if Microsoft were justified in requiring a specific identification of infringement, it is present in the Complaint lacking only a tabular format:

| | |
|---|---|
| 1. A streaming on demand system comprising an on-demand requester object installed on a computing device, said on-demand requester object being configured to receive I/O requests on behalf of an application for which data is available in data packs for streaming delivery, said on-demand requester object being responsive to application I/O requests, said application I/O requests corresponding to sequential and non-sequential data packs, | Microsoft has formulated an HSM minifilter having the current name CLDFLT.SYS and has assigned it an altitude of 180,451, placing it just beneath and therefore ahead of the BitRaider minifilter at 182,100. Just as does the Bitraider minifilter, the CLDFLT.SYS minifilter manages the communication between applications and the interfaces provided by device drivers. The Cloud Filter API provides functionality at the boundary |

---

[17] Dkt. 1, Complaint, ¶ 16.
[18] 35 U.S.C. § 271, Infringement of Patent.
[19] Dkt. 1, Complaint, ¶ 20.
[20] https://www.britannica.com/topic/Microsoft-Corporation.
[21] Local Patent Rule 120(c), Western District of Washington.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 5

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| | |
|---|---|
| | between the user mode and the file system. This API handles creation and management of placeholder files and directories. Complaint, ¶ 15. |
| said data packs being portions of a complete data stream, said I/O requests determining an order in which data packs are sought for the application, | Another included function, HsmfRForPreRead indicates whether file data is present and where it is, makes that data available to fulfill an I/O Request by the I/O manager. If the data is not present, CLDFLT.SYS asks for the data to be populated by initiating the function HsmpRecallInitiateHydration. Hydrating an object is taking an object that exists in memory, that doesn't yet contain any domain data ("real" data), and then populating it with domain data (such as from a database, from the network, or from a file system). Complaint ¶ 20. |
| said on-demand requester object comprising a minifilter associated with a filter manager in an I/O stack, said filter manager being configured to call the minifilter, | When CLDFLT.SYS interacts the operating system, CLDAPI.DLL is loaded into memory in user mode and communicates with the mini filter CLDFLT.SYS either by a global filter message port or by a file system control, FSCTL_HSM_CONTROL, to invoke the same sort of partial selective transfer of data |

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 6
(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| | |
|---|---|
| | in response to input or output commands. Complaint ¶ 19. |
| said minifilter having a preoperation callback routine for the I/O request registered with the filter manager, | One such infringing action is performed by one of the calls included within the CLDFLT.SYS, namely HsmRecallTransferPlaceholders. The CLDFLT.SYS mini filter interacts with a Microsoft-provided dynamic link library, CLDAPI.DLL, which includes a collection of subroutines distributed with Windows 10. When CLDFLT.SYS interacts the operating system, CLDAPI.DLL is loaded into memory in user mode and communicates with the mini filter CLDFLT.SYS either by a global filter message port or by a file system control, FSCTL_HSM_CONTROL, to invoke the same sort of partial selective transfer of data in response to input or output commands. Complaint ¶ 19. |

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 7
(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| and said minifilter being configured to receive each I/O request from the application, said minifilter being further configured to reference a table that includes names and paths with at least one offset address and length where each data pack required to fulfill each I/O request is located, | Evoking, for example, the included call CfGetPlaceholderRangeInfo effects the retrieval of the claimed table (Independent Claims 1 and 14) of the layout information as it is being maintained by the driver. Complaint ¶ 20. |
| --- | --- |
| said minifilter being further configured to determine if the data pack has been streamed to the system, and said application being a program configured to use the data packs that fulfill each I/O request when the data packs are available on the computing device. | The function HsmRecallTransferPlaceholders effects the copying of placeholder data into a return buffer. Another included function, HsmfRForPreRead indicates whether file data is present and where it is, makes that data available to fulfill an I/O Request by the I/O manager. If the data is not present, CLDFLT.SYS asks for the data to be populated by initiating the function HsmpRecallInitiateHydration. Complaint ¶ 20. |

However, if Local Patent Rule 120 has any purpose whatsoever, it is fair to assume that the standard for disclosure set out there must, by inference, be less than the standard for disclosure set out in Rule 8. If the two were equivalent, there would be no purpose for Rule 120(c) as every Complaint will need to include the exact same information in the same form to survive a 12(b)(6) motion. Given that the Complaint includes a particularized accusation of CLDFLT.SYS rather than simply an accusation of the whole of the Windows® operating

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 8
(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    system, it is particular, factual, and plausible. Yet, the Motion recognizes the particular

2    accusation of a specific minifilter functioning at a specific altitude that Microsoft itself

3    assigned is not vague or ambiguous. Microsoft must be charged with knowledge of the

4    minifilter as Microsoft maintains a comprehensive list of current altitude assignments and

5    publishes the same.[22] The Motion asserts that because of the complexity of Windows® there is

6    no practical way to accuse any part of the operating system without providing a claim chart in

7    the Complaint. That Microsoft elects to infringe in an arcane and technical field, however, does

8    not shift the Rule 8 requirement of "a short and plain statement" to a claim chart as necessary

9    to put Microsoft on notice of O'Brien's allegation of infringement. Yet, because the parties

10   agree that CLDFLT.SYS is accused, not the whole of the operating system, the Complaint

11   certainly meets *Iqbal/Twombly*.

## IV.   DISCUSSION

13          The standard is as set forth in Federal Rule of Civil Procedure 8(a): a pleading that

14   states a claim for relief needs only to contain "a short and plain statement of the claim showing

15   that the pleader is entitled to relief." So although a complaint "must have sufficient factual

16   allegations to state a claim to relief that is plausible on its face," "detailed factual allegations

17   are not required."[23] Indeed, "the statement need only give the defendant fair notice of what the

18   ... claim is and the ground upon which it rests."[24]

A.     O'Brien's Direct Infringement Allegations Go Beyond the Requirements of Controlling
       Federal Circuit Authority.

            A Rule 12(b)(6) motion in any civil case is analyzed under the standard announced in

*Bell Atlantic Corp. v. Twombly*.[25]   To survive a Rule 12(b)(6) motion, the plaintiff must state a

---

[22] https://docs.microsoft.com/en-us/windows-hardware/drivers/ifs/allocated-altitudes.
[23] *XpertUniverse, Inc. v. Cisco Systems, Inc.*, Case No. 17-cv-03848-RS, 2017 WL 4551519, at *3 (N.D. Cal. Oct. 11, 2017) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[24] *VGH*, 888 F.3d at 1260 (*quoting Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. 544).
[25] 550 U.S. 544 (2007). *Iqbal*, 556 U.S. at 678-79.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 9

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

claim that is "plausible on its face." A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'[27] The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability."[28] In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief."[29]

> Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."[30]

While a complaint attacked by a Rule 12(b)(6) motion needs only to set forth detailed factual allegations to survive, Microsoft instead demands that O'Brien provide its detailed infringement contentions in its Complaint. Microsoft relies only upon *Iqbal/Twombly* precedent decided outside of the context of patent infringement cases to assert that a claim chart is necessary. But within the context of patent law, the Federal Circuit has considered *Iqbal/Twombly* and has expressly held that a limitation-by-limitation analysis is unnecessary. In *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* ("*VGH*")[31], the plaintiff asserted a patent with a number of detailed limitations describing a spinal brace. The complaint identified the defendant's products, and attached a photograph of them. The plaintiff's sole factual infringement allegation was that the defendant's products "meet each and every element of at

---

[26] *Id*. at 678 (*citing Twombly*, 550 U.S. at 556); *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 383 (M.D. La. 2012) (Jackson, J.).
[27] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).
[28] *See Twombly*, 550 U.S. at 555.
[29] *Id*. at 558.
[30] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales*, 577 F.3d at 603 (same).
[31] *Disc Disease Solutions Inc. v. VGH Solutions, Inc*. 888 F. 3d 1256 (CAFC 2018).

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 10

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

least one claim of the '113 ... Patent, either literally or equivalently."[32] The defendant moved to dismiss the patentee's infringement claim under Rule 12(b)(6) and the District Court granted the motion.[33]

The Federal Circuit reversed because, even though the plaintiff's allegations simply stated that the limitations were met, the technology was sufficiently simple *that the defendant was on notice of the claim*. The Federal Circuit put it this way: "This case involves a simple technology," and as a result, the plaintiff's simple allegations were "sufficient under the plausibility standard of *Iqbal/Twombly*." The Federal Circuit held that the complaint must provide fair notice, not evidentiary infringement contentions. "[The patentee's] disclosures and allegations are enough to provide [defendant] fair notice of infringement of the asserted patents. The district court, therefore, erred in dismissing [patentee's] complaint for failure to state a claim."[34] As the Supreme Court has explained, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the misconduct alleged.[35]

Microsoft appears to argue, without support, that O'Brien was required to state his entire infringement analysis and theory in his Complaint, including dependent claims.[36] However, there is no such requirement, nor do the cases cited by Microsoft support such a requirement. In making Microsoft's argument that it should be entitled to notice at the pleading stage, it enlarges the definition of notice to entitle it, as well, to a chart of claim limitations of

---

[32] 888 F.3d at 1258.
[33] Id. at 1258-59.
[34] Id. at 1260.
[35] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007)).
[36] Dkt. 8, Motion, page 7, lines 12-14.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 11

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

specific claims and designation of the precise mechanism wherein the limitation is present is belied by both the local patent rules and Federal Circuit authority."[37]

Like the Federal Circuit, the Northern District of California has concluded that what Microsoft demands--infringement contentions--are not required at the pleading stage.[38] Under substantially similar Patent Rules, the Northern District of California is not inclined to belabor the Rule 12 motion practice.[39] And, the Northern District is not alone in this.[40] In, for example, *XpertUniverse*, the accused infringer moved to dismiss the patentee's direct infringement claims, arguing that the patentee did "not allege with specificity how each product incorporates" the accused technology. The Court denied the motion and held that the patentee's purely text-based allegations (i.e. lacking any claim chart) about how the accused product corresponded to the limitations of an exemplary claim satisfied Rule 12(b)(6).[41] In so holding, the Court noted that "[i]n the context-specific task of reviewing a complaint for plausibility, 'a formal charting of claim elements against each accused product' is not always necessary."[42]

Until its recent abrogation, the Federal Circuit relied on former Rule 84, which provided that the Appendix of Forms would suffice for the Federal Rules of Civil Procedure. Form 18, a sample complaint for patent infringement, required only five allegations: (1) a

---

[37] *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016).

[38] *See XpertUniverse*, 2017 WL 4551519, at *5.

[39] See *Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*, No. 15-CV-04525-EMC, 2016 WL 1623920, *4 (N.D. Cal. Apr. 25, 2016) (Moreover, this District generally has not required detailed infringement theories until the time that infringement contentions are served, which is typically several months after a complaint has been filed).

[40] *See, e.g., InCom Corp. v. Walt Disney Co.*, 2016 U.S. Dist. LEXIS 71319, *8 (C.D. Cal. Feb. 4, 2016) (Where a complaint identifies the defendant's "products and alleg[es] that they perform the same function as Plaintiff's patented system," it passes muster under Rule 8); *Telebrands Corp. v. Ragner Tech Corp*, 2016 U.S. Dist. LEXIS 114436, *10 (D.N.J. Aug. 25, 2016) ("[T]he Court rejects Telebrands' invitation to make claim identification a requirement under Federal Rule of Civil Procedure 8(a) for every patent-infringement complaint given a review of the persuasive case law."); *InsideSales.com, Inc. v. SalesLoft, Inc.*, No. 2:16CV859DAK, 2017 WL 2559932, *4 (D. Utah June 13, 2017); *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-cv-0772-GMN-NJK, 2016 WL 199417, *2 (D. Nev. Jan. 15, 2016).

[41] Id.

[42] Id. (even while noting that the patentee's mapping of claim elements was in ¶¶ 79-87 of the complaint).

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 12

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

statement of jurisdiction; (2) a statement that the plaintiff owned the asserted patent; (3) a statement that the defendant had been infringing the patent by making, selling, and/or using an accused device; (4) a statement that the plaintiff had given the defendant notice of its infringement; and (5) a demand for injunctive and/or monetary relief. Indeed, the Federal Circuit has also expressly rejected this argument, including recently.[43] Nor has Microsoft presented any such Federal Circuit or Supreme Court decision overturning this. Thus, without any overturning law, the Federal Circuit's holding that the specific infringement contentions are not required.

In 2012, in *In re Bill of Lading*[44], the Federal Circuit acknowledged that Form 18 might have only presented a "bare allegation" of direct infringement, but stood by its conclusion in *McZeal*,[45] that a patent infringement complaint which followed Form 18 would survive a motion to dismiss. The Federal Circuit stated to the extent any conflict existed between *Twombly* and the Forms, the Forms would control. The Federal Circuit therefore did not need to decide whether minimum compliance with Form 18 ever falls short of *Twombly's* plausibility standard.

There is no doubt that O'Brien's allegations are more detailed than the allegations the Federal Circuit found appropriate in *VGH*, thus, are sufficient under controlling Federal Circuit authority. Yet, O'Brien went further than required under *VGH* by describing how CLDFLT.SYS interacts with the existing Filter Manager and the I/O Manager in the Windows

---

[43] *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed.Cir.2000) (reversing district court order, which dismissed a complaint with leave to amend to include specific allegations about each element of the claims of the asserted patent); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("we have never recognized [] a distinction" or "difference between the requirements of Form 18 and *Iqbal/Twombly*.") (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) ("That Form 18 would control in the event of a conflict between the form and *Twombly* and *Iqbal* does not suggest, however, that we should seek to create a conflict where none exists.")).

[44] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007)).

[45] *McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354 (CAFC 2007).

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 13

(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

architecture. So, for instance, in accusing an instrumentality under the '808 patent, O'Brien identified "an HSM minifilter having the current name CLDFLT.SYS", surely O'Brien's allegation that Microsoft "has assigned it an altitude of 180,451, placing it just beneath and therefore ahead of the BitRaider minifilter at 182,100" is sufficient to put Microsoft on notice as to exactly what instrumentality is being accused.

And, what does Microsoft know of Windows® and CLDFLT.SYS? As indicated by Mr. Mason, "[a] search of Microsoft's public facing website quickly identifies the presence of the name CLDFLT.SYS (https://docs.microsoft.com/en-us/windows-hardware/drivers/ifs/allocated-altitudes).  From this, it becomes clear that this is a file system filter driver, registered to Microsoft Corporation."[46]   The Federal Circuit has held that the complaint must provide fair notice, not evidentiary infringement contentions. "[O'Brien's] disclosures and allegations are enough to provide [Microsoft] fair notice of infringement of the asserted patents."[47] The standard is not one of putting some stranger to the technology on notice but, specifically, to put Microsoft, as defendant, on notice. Where the information is drawn from Microsoft's own website, is it unfair to charge Microsoft with that knowledge?

It is certainly fair to assume that Microsoft knows that CLDFLT.SYS is "a file system mini-filter driver that Microsoft has added to Windows to enable sparse storage of files. Specifically, when associated with a 'cloud storage service' such as Microsoft's OneDrive product offering, it permits storage of a 'stub' file that contains sufficient information for the contents of the file to be retrieved from a remote storage location as needed."[48] The industry is certainly aware that such is what CLDFLT.SYS does. That knowledge alone addresses several of the limitations of either of Claims 1 or 14. In reviewing whether the Complaint does contain

---

[46] Dkt. _____, Declaration of Anthony Mason, ¶ 10.
[47] 888 F.3d at 1258.
[48] Dkt. _____, Declaration of Anthony Mason, ¶ 11.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 14
(2:19-cv-01625-RAJ)

6980989.3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

adequate factual allegations, we know that those having ordinary skill in the art would find the allegations to be sufficiently factual to understand what is being accused.

What is most disingenuous in Microsoft's position is that any of the limitations in either of the independent claims (Claims 1 and 14) that do not explicitly refer to a "minifilter" were presented as context and are inherently present in the Windows® architecture (e.g. Filter Manager and I/O Manager). It is only the limitations relating to the minifilter that assert the elements of novelty in the invention. For instance, asserting, as does the Motion, that in the Complaint there is no detailed explanation as to how minifilters are loaded[49] is without merit. That loading of the minifilters, however, is common to any installation even prior to the 1709 release of Windows 10.[50] That is what the Filter Manager does and is simply inherent in Windows as part of its architecture.[51] There ought to be no need to point out to Microsoft how its Filter Manager works.

At base, Microsoft's motion is really a request for discovery and a preview of infringement contentions. Microsoft says as much: "The only analysis the Complaint provides for these claims is found in paragraphs 19 and 20, where the Complaint refers to the 'claimed structure of the patent in suit' and 'the method the patent claims set out.' But the allegations in these paragraphs are largely divorced from any particular claim limitation, forcing Microsoft to guess at what it does that O'Brien believes infringes claims 1 and 14."[52] The Complaint expresses what the accused device does, using language common to the industry. As the purpose of the complaint is to inform of the infringement, and because infringement charts are not necessary for that purpose, the Complaint having a short clear statement of what is being

---

[49] Dkt. 8, Motion, page 9, lines 16-19.
[50] Dkt. _____, Declaration of Anthony Mason, ¶ 18.
[51] https://docs.microsoft.com/en-us/windowshardware/drivers/ifs/installing-a-minifilter-driver.
[52] Dkt. 8, Page 8, Lines 13-19.

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 15
(2:19-cv-01625-RAJ)

6980989.3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

accused in language Microsoft itself publishes, one is lead to the conclusion that the Complaint is adequate and that Microsoft's Motion should be denied.

B.   O'Brien has Agreed with Microsoft to Withdraw his Intentional Infringement Claim Without Prejudice.

In discussion with Microsoft, O'Brien has agreed to withdraw his claim of intentional infringement and his prayer for enhanced damages pursuant to 35 U.S.C. § 284, which authorizes enhanced damages against infringers. The relevant portion of the statue states merely that a district "court may increase the damages up to three times the amount found or assessed". The parties agree that this withdrawal is without prejudice to O'Brien's right to amend at a later date should discovery yield information to make the assertion appropriate. In the event that the Court determines amendment of the Complaint appropriate, O'Brien will amend the Complaint accordingly.

## V.   ALTERNATIVE MOTION

In the event that the Court finds the Complaint deficient in its specific allegations accusing CLDFLT.SYS as infringing the '808 patent, O'Brien, moves, in the alternative, to be granted leave to amend the Complaint in a manner consistent with the findings of this Court. To do so works no prejudice to Microsoft at this early stage in the proceedings.

Certainly, should the Court find that more factual allegations are necessary, the proper means of addressing this deficiency would generally be to grant the Plaintiff leave to amend.[53] A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[54] Dismissal under Fed.R.Civ.P. 12(b)(6) may be based upon "the lack of a cognizable

---

[53] If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir.2009).
[54] *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 16
(2:19-cv-01625-RAJ)

6980989.3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[55] But

2   given the lack of any procedural bar to refiling, the lack of any prejudice to Microsoft, and the

3   fact that Microsoft should certainly be adequately informed of the infringement based upon the

4   industry-wide use of the terms the Complaint contains,[56] dismissal of the instant action without

5   leave to amend would not be consistent with the ends of justice.

6   ## VI. EVIDENCE RELIED UPON

7   In support of its Response, Plaintiff relies on the Argument and Authorities herein, the

8   Declaration of William Anthony Mason (and exhibit attached thereto), and the pleadings and

9   documents previously submitted to the Court.

10  ## VII. CONCLUSION

11  For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant

12  Microsoft Corporation's Motion to Dismiss Complaint Under Rule 12(b)(6).

13  DATED this 2nd day of December, 2019.

14  *s/ Mark Lawrence Lorbiecki*
    Mark Lawrence Lorbiecki, WSBA #16796
15  *s/ Daniel A. Brown*
    Daniel A. Brown, WSBA #22028
16  *s/ Scott B. Henrie*
    Scott B. Henrie, WSBA #12673
17  **WILLIAMS, KASTNER & GIBBS PLLC**
    601 Union Street, Suite 4100
18  Seattle, WA 98101-2380
    Tel:    (206) 628-6600
19  Fax:    (206) 628-6611
    Email: mlorbiecki@williamskstner.com
20           dbrown@williamskastner.com
             shenrie@williamskastner.com
21
    ***Attorneys for Plaintiff***
22

23  .

24

25
    ---
    [55] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).
    [56] Dkt. _____, Declaration of Anthony Mason, ¶ 26.

    PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
    MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 17
    (2:19-cv-01625-RAJ)

    6980989.3

    **Williams, Kastner & Gibbs PLLC**
    601 Union Street, Suite 4100
    Seattle, Washington 98101-2380
    (206) 628-6600

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury under the laws of the State of Washington that

3

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

4

which will send electronic notification of such filing to all CM/ECF participants who have

5

appeared:

6

7

**<u>Attorneys for Defendant Microsoft</u>**
**<u>Corporation:</u>**

8

Robin E. Wechkin, WSBA #24746
Sidley Austin LLP

9

1420 Fifth Avenue, Suite 1400
Seattle, WA  98101

10

rwechkin@sidley.com

11

DATED this 2nd day of December, 2019.

12

*s/ Mark Lawrence Lorbiecki*
Mark Lawrence Lorbiecki, WSBA #16796

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE TO MICROSOFT CORPORATION'S
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) - 18
(2:19-cv-01625-RAJ)

6980989.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600