HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROYAL J. O'BRIEN,

          Plaintiff,

    v.

MICROSOFT CORPORATION,

         Defendant.

Case No.  2:19-cv-01625-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Microsoft Corporation's Motion to Dismiss Complaint Under Rule 12(b)(6).  Dkt. # 8.  For the reasons below, the motion is **GRANTED with leave to amend**.

## II.   BACKGROUND

Plaintiff Royal J. O'Brien claims that Defendant Microsoft Corporation ("Microsoft") infringed his patent.  Dkt. # 1 ¶¶ 17-23.  Mr. O'Brien owns United States Patent No. 8,380,808 ("'808 patent") entitled "Dynamic Medium Content Streaming System."  *Id.* ¶ 7; Dkt. # 1-1.  The patent sets forth a process to facilitate "an exemplary streaming on demand system."  Dkt. # 1-1 at 8.

By way of background, massive multiplayer online ("MMO") games occur over a network, which presents a great challenge: "getting sufficient information to a player's computer . . . to play the game."  Dkt. # 1 ¶ 11.  Mr. O'Brien's patented technology

ORDER – 1

"takes over the input and output functions of [an] operating system" and streams only the information that the system needs to present the whole game—rather than waiting for the "full transmission of the game files." *Id.* According to Mr. O'Brien, Microsoft's CLDFLT.SYS (a "hierarchical storage management" minifilter) and its "attendant technology" form the claimed structure of the '808 patent and perform the method of the patent. *Id.* ¶¶ 15, 19.

Mr. O'Brien sued Microsoft in this Court for willful and direct infringement of Claims 1 and 14 of the '808 patent. *Id.* ¶¶ 17-23. In turn, Microsoft moved to dismiss the complaint, arguing that it failed to state a claim for either types of infringement. Dkt. # 8.

### III.   LEGAL STANDARD

Before 2015, the Federal Circuit directed lower courts to evaluate direct patent infringement allegations against the standard set forth in Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure, rather than the more stringent pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 3:15-cv-05469-EDL, 2016 WL 1719545, at *1 (N.D. Cal. Mar. 9, 2016). But amendments to the Federal Rules later abrogated Rule 84, and as a result, "Form 18 no longer provides a safe harbor for pleading direct infringement." *Incom Corp. v. Walt Disney Co.*, No. 2:15-cv-03011-PSG-MRW, 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016). Now, allegations of direct infringement are subject to the pleading standards established by *Twombly* and *Iqbal*. *Atlas*, 2016 WL 1719545, at *1.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire &*

ORDER – 2

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568.  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, a court typically considers only the contents of the complaint.  However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.").

## IV.  DISCUSSION

Two preliminary matters:  First, both parties support their arguments with extrinsic evidence. Dkt. ## 9-1, 20.  This evidence was not attached to the complaint, was not referenced by the complaint, and is not otherwise judicially noticeable.  Thus, it is not appropriate on a motion to dismiss.  The Court will not convert this motion to one for summary judgment and will ignore the parties' proffered evidence.  Second, Mr. O'Brien should rethink his use of footnotes.  The Court strongly disfavors footnoted legal citations, which serve as an end-run around page limits and formatting requirements dictated by the Local Rules.  *See* Local Rules W.D. Wash. LCR 7(e).  Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 n.1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the parties from footnoting their legal citations in any future submissions.  *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER – 3

The Court now turns to the parties' arguments.  Microsoft moves to dismiss Mr. O'Brien's claims of willful and direct infringement of the '808 patent.  The Court addresses each claim in turn.

### A.    Willful Infringement

Mr. O'Brien has agreed to withdraw his willful infringement claim without prejudice.  Dkt. # 19 at 21.  Microsoft agreed to not oppose the voluntary withdrawal but reserved the right to "contest whether the claim may be raised properly in the future."  Dkt. # 21 at 5.  The Court **DIMSISSES without prejudice** Mr. O'Brien's willful infringement claim.  Any future amendment will, of course, be governed by the Federal Rules of Civil Procedure and applicable case law.

### B.    Direct Infringement

To state a claim for direct patent infringement, a plaintiff must allege that a defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention."  35 U.S.C. § 271(a); *see also Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990), *cert. denied*, 493 U.S. 1076 (1990)).  A plaintiff must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim."  *e.Digital Corp. v. iBaby Labs, Inc.*, No. 4:15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016).  "It is not sufficient to repeat the elements of a claim and describe the accused product 'without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'"  *Gamevice, Inc. v. Nintendo Co.*, No. 3:18-cv-01942-RS, 2018 WL 5310792, at *2 (N.D. Cal. Aug. 6, 2018) (quoting *Atlas*, 2016 WL 1719545, at *2).  That said, a formal chart tracking each claim limitation against each accused product is not always necessary.  *Id.*

Microsoft, in sum, argues that Mr. O'Brien "does not explain what Microsoft allegedly has done to infringe th[e] ['808] patent or provide details sufficient to understand what precisely is accused of infringement."  Dkt. # 8 at 6.  Microsoft

ORDER – 4

acknowledges the following: First, the complaint identifies an accused technology, Microsoft's "CLDFLT.SYS and its attendant technology." Dkt. # 8 at 6; *see also* Dkt. # 1 ¶ 19. Second, CLDFLT.SYS is a minifilter hosted on Microsoft's Windows 10 product. Dkt. # 8 at 6; *see also* Dkt. # 1 ¶ 18. But, according to Microsoft, without more, it is left to guess how the minifilter and other technology operate together to "create the allegedly infringing actions." Dkt. # 8 at 6. It suggests that Mr. O'Brien's complaint needed to at least identify each claim limitation and "connect the accused technology to the claims." *Id.* at 9.

Mr. O'Brien, on the other hand, believes that he met his pleading burden under *Iqbal* and *Twombly*. The complaint does the following: It identifies a patent, the independent claims of the patent, and the accused instrumentality. Dkt. # 1 ¶¶ 7, 19-20. It accuses Microsoft's CLDFLT.SYS (a "hierarchical storage management" minifilter) and its "attendant technology" of forming the claimed structure of and performing the method of the '808 patent. *Id.* ¶¶ 15, 19. And, according to Mr. O'Brien, the complaint also explains how CLDFLT.SYS interacts with other Microsoft programs to infringe his patent. *Id.* ¶¶ 15, 19-20. He argues that this is sufficient to notify Microsoft of its infringement and thus satisfies the pleading standard. Dkt. # 19 at 14-21.

But the complaint does not identify how CLDFLT.SYS and its attendant technology infringe each patent limitation. Dkt. # 1 ¶¶ 15, 19-20. Mr. O'Brien says, however, that this is not his burden. Dkt. # 19 at 8, 10, 20. He argues that Microsoft's insistence that it is indeed his burden is a veiled, premature request for a claim chart, discovery, and a preview of infringement contentions. Dkt. # 19 at 8, 10, 20.

The Court agrees with Mr. O'Brien that a claim chart is not necessary at the pleadings stage. But the complaint must at least allege that Microsoft directly infringed each limitation of at least one patent claim, which it does not do. To be sure, the complaint does identify two independent claims, Claims 1 and 14, of the '808 patent. Dkt. # 1 at 8. But it does not identify each limitation of at least one of those claims, let

ORDER – 5

alone "t[ie] [CLDFLT.SYS] to any asserted claim or address[] all of the claim requirements." *Gamevice*, 2018 WL 5310792, at *2.  Thus, as the complaint currently stands, the Court and Microsoft must sift through the allegations and guess how they amount to infringement of each limitation of Claims 1 or 14.  Of course, in his response to Microsoft's motion to dismiss, Mr. O'Brien does in fact supply a chart tying each limitation of Claim 1 to allegations from the complaint.  Dkt. # 19 at 10-13.  But that chart is not part of Mr. O'Brien's complaint, and he may not amend his pleading via his response brief.  *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alteration omitted).

In sum, because Mr. O'Brien's complaint does not allege that Microsoft has infringed each limitation of at least one '808 patent claim, it fails to state a claim for direct infringement.  Microsoft's motion to dismiss Mr. O'Brien's complaint is **GRANTED with leave to amend**.  Dkt. # 8.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS with leave to amend** Microsoft Corporation's Motion to Dismiss Complaint Under Rule 12(b)(6).  Dkt. # 8.  Mr. O'Brien may file an amended complaint **within thirty days** of the entry of this order.

DATED this 14th day of August, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6